UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VANCE BRIDGEMAN, )<br>)<br>Petitioner )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent ) | CAUSE NO. 3:12-CV-222 RM<br>(Arising from 3:97-CR-17(01)RM) |

## OPINION and ORDER

Vance Bridgeman has filed a petition pursuant to 28 U.S.C. § 2255 asking the court to commute his December 2007 revocation judgment from a term of imprisonment in a Bureau of Prisons facility to a sentence at a Bureau of Prisons half-way house in Michigan City or Indianapolis, Indiana. Mr. Bridgeman explains he's serving a 24-year state sentence at Indiana's Westville Correctional Facility, and his federal sentence – where Mr. Bridgeman was "committed to the custody of the United State Bureau of Prisons to be imprisoned for a total term of twenty-one months, with the sentence to be served consecutively with [his] current state sentence," Revocation Judgment of Dec. 28, 2007 [docket # 165] – is prohibiting him from being able to "properly program and maintain such proper programming in a security level facility which best conforms to his reformed and rehabilitative progress." Petn., ¶ 12. Mr. Bridgeman says his petition is a challenge to the place, not the length, of his revocation sentence.

Mr. Bridgeman isn't entitled to the relief he seeks for a number of reasons. First, Mr. Bridgeman makes no mention in his current petition of the denial, on December 9, 2011, of his original petition filed pursuant to 28 U.S.C. § 2255, an order he didn't appeal. Mr. Bridgeman's current filing must be considered to be a second or successive petition under § 2255. 28 U.S.C. § 2244 provides that before a second or successive motion is filed with the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Mr. Bridgeman hasn't stated or established that he received authorization to file his current petition.

Next, Mr. Bridgeman acknowledges that his petition was filed outside the one-year limitation period, but claims his petition is being filed "with due diligence" because he didn't learn until 2011 that the Westville Correctional Facility "would no longer have a contract with Purdue College and [his] further educational programing would discontinue as well." A litigant who claims that the statute of limitations is subject to equitable tolling must establish not only that some extraordinary circumstance prevented him from filing earlier, but also that he has been pursuing his rights diligently in the meantime. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Mr. Bridgeman hasn't alleged that an extraordinary circumstance prevented the timely filing of his petition, especially since he raised this same argument in motions he filed on November 26, 2008 and December 24, 2008, in a § 2254 petition he filed on October 28, 2011, and in his first § 2255 petition filed on December 2, 2011. The court denied each of Mr. Bridgeman's

2

earlier motions for modification of his sentence. *See* docket entries 168, 170, 178, 180.

Lastly, even if the court were to view the current petition as timely filed and not a second or successive petition, petitions under 28 U.S.C. § 2255 are narrowly tailored to address claims challenging sentences imposed (i) in violation of the Constitution or laws of the United States, (ii) by a court without jurisdiction to impose the sentence, or (iii) for a term longer than that authorized by law. 28 U.S.C. § 2255. Mr. Bridgeman's claim doesn't fall into any of those categories. His complaint that he can't participate in college courses and programs while in state custody doesn't entitle Mr. Bridgeman to relief under 28 U.S.C. § 2255.

Accordingly, the court DENIES Mr. Bridgeman's petition under 28 U.S.C. § 2255 [filed April 24, 2012] as not properly before this court.

SO ORDERED.

ENTERED:   May 18, 2012

/s/ Robert L. Miller, Jr.
Judge, United States District Court

cc: V. Bridgeman
AUSA Schmid